UNITED STATES DISTRICY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VANESSA RAFAEL | : | |
| | : | |
| v. | : | C.A. 08-CV-93 |
| | : | |
| ALEX AURIEMA and | : | |
| MARK AURIEMA | : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

1. Defendants neither admit nor deny the allegations set forth in paragraph one of Plaintiffs' Complaint and therefore leave Plaintiff to her proof.

2. Defendants neither admit nor deny the allegations set forth in paragraph two of Plaintiffs' Complaint and therefore leave Plaintiff to her proof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendants, they are denied.

3. Defendants neither admit nor deny the allegations set forth in paragraph three of Plaintiffs' Complaint and therefore leave Plaintiff to her proof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendants, they are denied.

4. Defendants neither admit nor deny the allegations set forth in paragraph four of Plaintiffs' Complaint and therefore leave Plaintiff to her proof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendants, they are denied.

5. Defendants neither admit nor deny the allegations set forth in paragraph five of Plaintiffs' Complaint and therefore leave Plaintiff to her proof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendant, they are denied.

**Count I**
**Negligence**

6. Defendants neither admit nor deny the allegations set forth in paragraph six of Plaintiffs' Complaint and therefore leave Plaintiff to her proof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendants, they are denied.

7. Defendants neither admit nor deny the allegations set forth in paragraph seven of Plaintiffs' Complaint and therefore leave Plaintiff to her proof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendants, they are denied.

8. Defendants neither admit nor deny the allegations set forth in paragraph eight of Plaintiffs' Complaint and therefore leave Plaintiff to her proof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendants, they are denied.

9. Denied.

10. Denied.

11. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's negligence contributed to the incident referenced in Plaintiff's Complaint, and as such, any recovery by Plaintiff should be reduced by Plaintiff's comparative negligence.

**SECOND AFFIRMATIVE DEFENSE**

Defendants plead the affirmative defense of Assumption of the Risk.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's negligence contributed to the incident referenced in Plaintiff's Complaint, and as such, any recovery by Plaintiff should be barred by Plaintiff's comparative negligence.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred in whole or in part by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to give proper notice as required by Law.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants deny any breach of duty legally owed to plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants deny that they were negligent.

**EIGHTH AFFIRMATIVE DEFENSE**

The damages and injuries alleged by Plaintiff in Plaintiff's Complaint were caused by a third party for whom Defendants are not legally responsible.

**NINTH AFFIRMATIVE DEFENSE**

Defendants' plead sudden emergency.

**TENTH AFFIRMATIVE DEFENSE**

Defendants deny that any act or omission on their part was the proximate cause of any damage to plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**TWELVTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the Defendants say that the Plaintiff is not entitled to recover because of her failure to mitigate damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If the plaintiff sustained injuries and damages as alleged which is denied, the same was due to her want of due care in the circumstances.

WHEREFORE, Defendants pray that this Court:

A. Enter judgment for Defendants and against Plaintiff;

B. Award Defendants costs, expenses and attorneys' fees; and

C. Grant such further relief as this Court may deem just and proper.

**DEFENDANTS HEREBY DEMAND A JURY TRIAL AS TO ALL ISSUES**

DEFENDANTS

By their Attorneys,
Carrara Dayian P.C.

/s/ Daryl E. Dayian

Daryl E. Dayian, Esquire #5023
55 Cedar Street, Suite 102
Providence, Rhode Island 02903
(401) 621-8000
Fax (401) 621-8001

**CERTIFICATION**

David Morowitz., Esquire
155 South Main Street
Providence, Rhode Island 02903

I hereby certify that on the 12th day of May 2008, a true copy of the within *Defendants' Answer to Plaintiff's Complaint* was forwarded to the above-listed attorney(s) *via* first class mail; postage prepaid & was also electronically filed.

/s/ Daryl E. Dayian