UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

VANESSA RAFAEL,                    :
            Plaintiff,             :
                                   :
      v.                           :        CA 08-093 S
                                   :
ALEX AURIEMA and                   :
MARK AURIEMA,                      :
            Defendants.            :

**ORDER**

**ADDRESSING MOTIONS**

**AND**

**EXTENDING DISCOVERY**

Before the Court are Defendants' Motion to Strike and/or
Exclude Plaintiff's Expert Witness Designations (Doc. #12)
("Motion to Strike") and a motion by Plaintiff to extend the
closure of discovery, <u>see</u> Memorandum in Support of Plaintiff's
Motion to Extend the Closure of Discovery (Doc. #15) ("Motion to
Extend").[1]  A hearing was held on February 23, 2009.

The Court finds that Defendants have valid complaints
regarding Plaintiff's compliance (or non-compliance) with her
discovery obligations relative to the expert witnesses she seeks
to use in this matter.  However, the requested sanction of
excluding Plaintiff's expert witnesses is too harsh at this

---

[1] Notwithstanding its title, Plaintiff apparently intended the
memorandum as a motion, and the Court treats it as such.  However,
Plaintiff's attention is directed to District of Rhode Island Local
Rule Cv 7(a) ("A motion to extend time or to compel discovery shall
include within the motion a brief statement of reasons why the relief
requested should be granted.").

juncture.[2]  Accordingly, to the extent that the Motion to Strike seeks such relief, it is denied.  To the extent that the Motion to Strike seeks the timely production of discovery, expert reports, including the production of all neuropsychological testing data, the opportunity to reconvene Plaintiff's deposition, and the extension of the discovery closure date set forth in the pretrial order, it is granted.

Plaintiff's Motion to Extend is granted to the extent reflected by the rulings below.  To the extent Plaintiff sought a greater extension, her motion is denied.

1.  Plaintiff must fully comply with all her discovery obligations relative to the expert witnesses she intends to call at trial by **March 31, 2009.**  Plaintiff's counsel is directed to communicate with Defendants' counsel in advance of March 31st to ascertain and correct any deficiencies in Plaintiff's compliance.

2.  Defendants must identify their expert witnesses and comply with all discovery obligations with respect to such experts by **May 31, 2009.**

3.  All facts discovery, including depositions of expert witnesses, must be completed by **July 31, 2009.**

4.  Dispositive motions shall be filed by **August 31, 2009.**

---

[2] This determination is not based to any degree on the affidavit from Plaintiff's father which Plaintiff's counsel submitted to the Court at the February 23, 2009, hearing.  After reviewing this document, the Court sustains Defendants' objection to the affidavit and declines to consider it.

5.  Pretrial memoranda shall be filed with the clerk by 30 days after the a decision on any dispositive motion.  If no dispositive motions are filed, pretrial memoranda must be filed by **September 15, 2009.**

**Both parties, especially Plaintiff, are cautioned that in view of the length of the extension granted today, the Court will not view favorably a request for a further extension.**  The parties should therefore act accordingly.


ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
February 23, 2009

3